# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>DAMIEN PAUL MITCHELL,<br><br>　　　Defendant. | Case No. CIV-15-287-RAW<br>(Underlying Case No. CR-09-108-RAW) |

## ORDER

Before the court is Damien Paul Mitchell's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1]. On January 25, 2010, Petitioner pled guilty to counts one and three of the Indictment against him. On April 14, 2011, Petitioner was sentenced. The court found that Petitioner qualified as a Career Offender and sentenced him to the custody of the Bureau of Prisons for a term of 194 months on count one.[1] Judgment was entered on April 18, 2011. Petitioner did not file a direct appeal.

Petitioner raises one ground for relief. He argues that under the recent Supreme Court holding in Johnson v. United States, 135 S.Ct. 2551 (2015), the residual clause of the Armed Career Criminal Act (hereinafter "ACCA") is unconstitutionally vague. Also, he asserts that under Johnson, his sentence must be vacated and he must be re-sentenced.

---

[1] Petitioner's sentence was later reduced to 184 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Petitioner was also sentenced to a term of 120 months imprisonment on count three to run concurrently. Once he is released from the Bureau of Prisons, Petitioner will be on supervised release for a term of 48 months on count one and 36 months on count three to run concurrently.

A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, the limitations period runs from the date on which the judgment of conviction becomes final. Ramos, 150 Fed.Appx. at 753. Because Petitioner did not file an appeal, the judgment of conviction became final when the fourteen (14) day period for appeal provided by Fed. R. App. P. 4(b)(1)(A)(i) expired. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").

Thus, Petitioner's conviction became final and his one-year limitation period for filing a § 2255 motion began to run fourteen days after the judgment was entered on April 18, 2011 – on May 2, 2011. Petitioner's deadline for filing a § 2255 motion was one year later, May 2, 2012. Petitioner filed this motion more than three years past this deadline.

Clearly, Petitioner believes that 28 U.S.C. § 2255(f)(3) applies. Petitioner's motion is timely if he is asserting a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petitioner is correct that the Supreme Court in Johnson announced a new substantive rule of constitutional law. Specifically, the new

2

rule states that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563.

The court, therefore, looks to whether this new rule of law is retroactive. The Tenth Circuit has pointed out that only the Supreme Court can make a new rule of law retroactive and that the "Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in Johnson is retroactive to cases on collateral review." In re Gieswein, No. 15-6138, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015). Accordingly, § 2255(f)(3) is inapplicable and Petitioner's motion is untimely.

The court also notes, however, that the Government is correct in its argument that Petitioner's sentence was not increased under the residual clause and that therefore Johnson has no impact on his sentence. Johnson "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

Accordingly, Defendant's § 2255 motion [Docket No. 1] is hereby DISMISSED as untimely.

**IT IS SO ORDERED** this 6th day of October, 2015.

Ronald A. White
United States District Judge
Eastern District of Oklahoma